UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

REGINA LAJAUNIE, *et al.*

VERSUS

AMERICAN HONDA
MOTOR CO., INC., *et al.*

CIVIL ACTION

NO. 26-894

SECTION M (3)

## ORDER & REASONS

Before the Court is a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure filed by defendant The Braun Corporation ("Braun").[1] Braun seeks dismissal of counts 1 and 2 of the complaint as those counts relate to it.[2] Plaintiffs Regina and Michael Lajaunie (together, "Plaintiffs") respond in opposition,[3] and Braun replies in further support of its motion.[4] Having considered the parties' memoranda, the record, and the applicable law, the Court grants the motion. However, within 30 days of the issuance of this Order & Reasons, Plaintiffs may file an amended complaint to cure the identified pleading deficiencies.

## I.    BACKGROUND

This case concerns a defective vehicle. Plaintiffs purchased a 2024 Honda Odyssey (the "vehicle") from defendant Superior Van & Mobility, LLC ("Superior") for $144,742.47.[5] The vehicle consisted of three components: (1) the original van chassis and systems manufactured by defendant American Honda Motor Company, Inc. ("Honda"); (2) a wheelchair-accessible conversion, including an in-floor ramp system and sliding door modifications manufactured by

---

[1] R. Doc. 9.
[2] *Id.* Braun is not named in any other counts. *See* R. Doc. 1.
[3] R. Doc. 18.
[4] R. Doc. 20.
[5] R. Doc. 1 at 3.

Braun; and (3) adaptive driving and electronic control systems, including steering, braking, and control interfaces manufactured by defendant Electronic Mobility Controls, LLC ("EMC").[6] Plaintiffs allege that Superior, which sold the vehicle to them, "undertook the installation, configuration, and integration of these components" with the intention that the components would all "function together as a single operable unit."[7]

According to Plaintiffs, when they took delivery of the vehicle, "Superior had not completed installation and configuration of the adaptive systems in a manner that permitted safe and functional operation."[8]  They allege that various parts were incorrectly installed "including seat bases, wheelchair docking systems, and driver control interfaces," requiring removal and reinstallation after delivery.[9]  Plaintiffs say that they "returned the vehicle to Superior multiple times for correction of installation and integration issues," including some involving the Braun wheelchair-accessible ramp and sliding door system.[10]  With respect to the Braun components, Plaintiffs allege that the "sliding door would intermittently fail to open or close fully, which in turn prevented proper deployment of the ramp," and, once, one of the Plaintiffs fell from the vehicle when the ramp failed to deploy.[11]  Plaintiffs claim that Superior attempted to "address [the] interference and incomplete closure conditions" by adjusting the "door alignment components and related hardware."[12]  The complaint also alleges various problems with the vehicle itself and the EMC components.[13]

---

[6] *Id.*
[7] *Id.*
[8] *Id.*
[9] *Id.* at 3-4.
[10] *Id.* at 4, 6-7.
[11] *Id.* at 5.
[12] *Id.*
[13] *Id.* at 4-6.

In all, Plaintiffs claim that they returned the vehicle to Superior for repair at least twelve times between July 2025 and early 2026 to address "recurring issues with ramp operation, control systems, electrical behavior, and system compatibility."[14]  Plaintiffs further allege that Superior, which "undertook the installation, configuration, and integration of the Braun and EMC systems into the Honda vehicle[,] did not deliver a vehicle in which those systems functioned together reliably" and failed to correct the recurring problems.[15]

On April 27, 2026, Plaintiffs filed this suit against Superior, Honda, Braun, and EMC, asserting various causes of action.[16]  Plaintiffs allege that all defendants are liable under the Louisiana law of redhibition (count 1) and the federal Magnuson-Moss Warranty Act ("MMWA") (count 2).[17]  They further allege that Superior is liable under Louisiana law for negligence (count 3), negligent repair (count 4), and breach of contract (count 5).[18]  Plaintiffs seek damages, along with attorney's fees and costs.[19]  Braun now moves to dismiss Plaintiffs' claims against it, arguing that Plaintiffs have not pleaded enough facts to show that Braun is liable for redhibition or a violation of the MMWA.[20]

## II.    PENDING MOTION

Braun argues that Plaintiffs have not stated plausible redhibition or MMWA claims against it because Plaintiffs allege that the vehicle's defects resulted from Superior's faulty installation and integration of the Braun and EMC parts.[21]  Braun says that Plaintiffs do not allege any inherent defects in Braun's manufactured components, such as a design flaw, a material deficiency, a

---

[14] *Id.* at 6.
[15] *Id.*
[16] *Id.* at 1-17.
[17] *Id.* at 7-11.
[18] *Id.* at 11-15.
[19] *Id.* at 15-16.
[20] R. Doc. 9.
[21] R. Doc. 9-1 at 1-2, 6.

dimensional error, or a manufacturing deviation.[22]  In sum, argues Braun, Plaintiffs did not allege a redhibition claim because they do not point to any defects in Braun's manufactured products, but rather allege that Superior did not install them properly.[23]

Further, Braun argues that Plaintiffs did not state a redhibition or MMWA claim because they do not allege that they informed Braun of a defect and afforded Braun the opportunity to cure the problem.[24]  Braun emphasizes that the complaint is devoid of any allegation that "Plaintiffs contacted Braun by telephone, letter, email, or any other form of communication," that they "submitted a warranty claim to Braun," or that they "requested Braun to inspect, diagnose, or repair any component."[25]  Rather, says Braun, the complaint alleges that Plaintiffs returned the vehicle to Superior twelve times for repair, without any mention of notice to Braun that would have given it the opportunity to determine whether there was a manufacturing defect or any allegation that Braun knew its manufactured components were defective.[26]  Braun contends that Plaintiffs' allegation that they presented the vehicle to "authorized dealers and services providers, with repeated opportunities to diagnose and repair the defects during the warranty period" constitutes a threadbare recital that is insufficient to satisfy the notice and opportunity to cure requirements for redhibition and MMWA claims, especially considering that the complaint does not allege that Superior was authorized to perform warranty repairs on Braun's behalf or that presentation to Superior constituted notice to Braun.[27]

With respect to the MMWA specifically, Braun further argues that Plaintiffs have not alleged that they complied with any pre-suit dispute resolution procedure and have not identified

---

[22] *Id.* at 1-2, 7.
[23] *Id.* at 7-8.
[24] *Id.* at 1-2, 8-11.
[25] *Id.* at 9.
[26] *Id.* at 9-11.
[27] *Id.* at 10-11 (quoting R. Doc. 1 at 11).

the specific warranty terms that Braun allegedly breached.[28]  Instead, says Braun, Plaintiffs allege that Braun "issued written warranties covering the accessibility conversion, including the ramp, door system, and associated structural and electrical components" without identifying any such "warranty by name, reference number, duration, covered versus excluded components, limitations on remedies, or any specific warranty obligation that Braun allegedly breached."[29]

In opposition, Plaintiffs argue that Braun's motion should be denied because they sufficiently pleaded redhibition and MMWA claims by alleging "that Braun manufactured and supplied the wheelchair-accessible conversion components installed in the Subject Vehicle, including the ramp and sliding-door system and associated structural and electrical components" and "that those systems did not operate reliably."[30]  Plaintiffs say that Braun is asking for an improper summary-judgment-type ruling finding that Superior's installation, rather than Braun's components, caused the problems.[31]  Plaintiffs further argue that they sufficiently allege that Braun issued written warranties covering its components and that they presented the vehicle to an authorized dealer and service provider for repair during the warranty period, which they say is sufficient to place Braun on notice of the claims against it.[32]  Plaintiffs request 30 days to file an amended complaint should the Court find their pleading deficient.[33]

Braun replies, reasserting its position that Plaintiffs' complaint does not allege sufficient facts to state plausible redhibition and MMWA claims against it.[34]  Braun points out that Plaintiffs'

---

[28] *Id.* at 2, 11-12.
[29] *Id.* at 2, 4, 12-13 (quote at 4) (also quoting R. Doc. 1 at 10).  Braun also makes arguments regarding the applicability of the Louisiana Products Liability Act ("LPLA").  The Court declines to address the LPLA in this order because Plaintiffs did not allege an LPLA claim.  *See* R. Doc. 1.
[30] R. Doc. 18 at 2.
[31] *Id.*
[32] *Id.* at 2-3.
[33] *Id.* at 3.
[34] R. Doc. 20 at 1-5.

opposition does not address the pleading deficiencies identified in the motion.[35]   Braun also argues

that it is not asking for a fact determination, but rather an adequate pleading plausibly alleging that

its products were defective.[36]   Braun contends that Plaintiffs' generic request for leave to amend

should be denied because they do not say what they would allege to cure the pleading

deficiencies.[37]   However, Braun requests that, if leave to amend is granted, Plaintiffs should be

required to "specifically allege: (1) a manufacturing defect in Braun's components independent of

Superior's installation; (2) that Plaintiffs provided notice to Braun of any alleged defect; and (3)

the specific terms, scope, and obligations of Braun's written warranty that were allegedly

breached, along with facts demonstrating compliance with any pre-suit dispute resolution

mechanism."[38]

## III.   LAW & ANALYSIS

### A.  Rule 12(b)(6) Standard

The Federal Rules of Civil Procedure require a complaint to contain "a short and plain

statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).   Rule

8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-

defendant-unlawfully-harmed-me accusation."   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  The statement of the claim must

"'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"

*Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  A pleading does

not comply with Rule 8 if it offers "labels and conclusions," "a formulaic recitation of the elements

---

[35] *Id.* at 1-5.
[36] *Id.* at 2-3.
[37] *Id.* at 5-6.
[38] *Id.* at 6.

of a cause of action," or "'naked assertions' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alteration omitted) (quoting *Twombly*, 550 U.S. at 555, 557).

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is plausible on the face of the complaint "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Plausibility does not equate to probability, but rather "it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Thus, if the facts pleaded in the complaint "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – 'that the pleader is entitled to relief.'" *Id.* at 679 (alteration omitted) (quoting Fed. R. Civ. P. 8(a)(2)).

In considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court employs the two-pronged approach utilized in *Twombly*. The court "can choose to begin by identifying pleadings that, because they are no more than conclusions [unsupported by factual allegations], are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. However, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "'[The] task, then, is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's

likelihood of success.'" *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 385 (5th Cir. 2017) (quoting *Doe ex rel. Magee v. Covington Cty. Sch. Dist.*, 675 F.3d 849, 854 (5th Cir. 2012)).

### B. Redhibition (Count 1)

Under Louisiana law, sellers impliedly warrant buyers against redhibitory defects, or vices, in the thing sold. La. Civ. Code art. 2520. "A defect is redhibitory when it renders the thing useless, or its use so inconvenient that it must be presumed that a buyer would not have bought the thing had he known of the defect." *Id.* In this circumstance, the buyer has "the right to obtain recission of the sale." *Id.* "A defect is redhibitory also when, without rendering the thing totally useless, it diminishes its usefulness or its value so that it must be presumed that a buyer would still have bought it but for a lesser price." *Id.* This type of "defect limits the right of a buyer to a reduction of the price." *Id.* However, "[t]he seller owes no warranty for defects in the thing that were known to the buyer at the time of the sale, or for defects that should have been discovered by a reasonably prudent buyer of such things." La. Civ. Code art. 2521. Accordingly, a seller is liable to a buyer for a redhibitory defect when: (1) the thing the seller sold is either absolutely useless for its intended purpose or its use is so inconvenient or imperfect that had the buyer known of the defect, he or she would not have purchased it; (2) at the time of the sale, the thing sold contained a defect that was neither known nor apparent to the buyer; and (3) the seller was afforded an opportunity to repair the defect. *See Alston v. Fleetwood Motor Homes of Ind. Inc.*, 480 F.3d 695, 699 (5th Cir. 2007).

"The degree of the seller's liability varies according to whether the seller knew of the defect. If he did not know of the defect, the seller must have an opportunity to cure the defect, either through repair or replacement." *Chevron USA, Inc. v. Aker Mar., Inc.*, 604 F.3d 888, 899

(5th Cir. 2010) (citing La. Civ. Code arts. 2522 & 2531).  Indeed, "[t]he buyer must give the seller notice of the existence of a redhibitory defect in the thing sold" in sufficient time "as to allow the seller the opportunity to make the required repairs."  La. Civ. Code art. 2522.  However, "[s]uch notice is not required when the seller has actual knowledge of the existence of a redhibitory defect in the thing sold."  *Id.*  "A seller who knows that the thing he sells has a defect but omits to declare it ... is liable to the buyer for the return of the price with interest from the time it was paid, for the reimbursement of the reasonable expenses occasioned by the sale and those incurred for the preservation of the thing, and also for damages and reasonable attorney fees."  La. Civ. Code art. 2545.  A seller that is also the manufacturer "is deemed to know that the thing he sells has a redhibitory defect."  *Id.*

The Court agrees with Braun that Plaintiffs have not pleaded sufficient facts to state a redhibition claim against Braun.  Plaintiffs have not alleged any inherent defects in Braun's manufactured components, such as a design flaw, a material deficiency, a dimensional error, or a manufacturing deviation.  Nor have Plaintiffs alleged that Braun's products were defective when they left Braun's facility or that Braun knew they were defective.  Moreover, Plaintiffs failed to allege that they informed Braun of an issue with any of its products and allowed Braun an opportunity to diagnose and cure the problem.  Plaintiffs' allegation that they presented the vehicle to Superior for repair is insufficient to allege notice to Braun without more specific facts showing that Superior was Braun's authorized repair provider or that Superior notified Braun of a defect in its products.  Accordingly, Braun's motion to dismiss Plaintiffs' redhibition claim is granted.

### C. Magnuson-Moss Warranty Act (Count 2)

The Magnuson-Moss Warranty Act "creates a statutory cause of action for consumers damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation

imposed by the Act or established by a written warranty, implied warranty, or service contract." *Walton v. Rose Mobile Homes, LLC*, 298 F.3d 470, 474 (5th Cir. 2002) (alterations and quotation omitted). "The Act does not require that a seller give a warranty on a consumer product, but if a warranty is given, it must comply with the terms of the Act." *Boelens v. Redman Homes, Inc.*, 748 F.2d 1058, 1061 (5th Cir. 1984). To file suit for a manufacturer's failure to comply with a warranty under the MMWA, a "consumer must give persons obligated under the warranty a reasonable opportunity to 'cure' their failure to comply with the obligations at issue." *Walton*, 298 F.3d at 474 (quoting 15 U.S.C. § 2310(e)). In sum, to state a MMWA claim, "a plaintiff must demonstrate that he or she actually suffered an injury and, specifically, that (i) the item at issue was subject to a warranty; (ii) the item did not conform to the warranty; (iii) the seller was given reasonable opportunity to cure any defects; and (iv) the seller failed to cure the defects within a reasonable time or a reasonable number of attempts." *Jackson v. Gen. Motors LLC*, 2015 WL 1003859, at *2 (W.D. Tex. Mar. 5, 2015) (citing *Temple v. Fleetwood Enters., Inc.*, 133 F. App'x 254, 268 (6th Cir. 2005); *Coghlan v. Aquasport Marine Corp.*, 73 F. Supp. 2d 769, 773-74 (S.D. Tex. 1999)), *adopted*, 2015 WL 13804890 (W.D. Tex. Apr. 17, 2015). Additionally, a consumer must comply with any informal dispute settlement procedure established by the warrantor before commencing suit. 15 U.S.C. § 2310(a)(3).

Again, the Court agrees with Braun that Plaintiffs have not pleaded sufficient facts to state a MMWA claim against it. Plaintiffs have not identified by name or reference number any warranty offered and breached by Braun, or any specifics regarding such a warranty, including, but not limited to, its duration, covered versus excluded components, or limitations on remedies. Nor have Plaintiffs explained whether Braun prescribed an informal dispute settlement procedure or whether they complied with it. Moreover, as with Plaintiffs' redhibition claim, Plaintiffs'

10

MMWA claim is defective because they have not plausibly alleged that they notified Braun of a warranty issue and gave Braun the opportunity to repair it.  There are no facts alleged as would establish that presentation of the vehicle to Superior for repairs satisfies the notice obligation as to Braun.  Accordingly, Braun's motion to dismiss Plaintiffs' redhibition claim is also granted.

### D. Leave to Amend

In their opposition, Plaintiffs request leave to amend their complaint if the Court finds dismissal appropriate.[39]  Rule 15 of the Federal Rules of Civil Procedure allows a court to grant leave to amend "when justice so requires."  The Fifth Circuit has recognized that "[i]n view of the consequences of dismissal on the complaint alone, and the pull to decide cases on the merits rather than on the sufficiency of pleadings, district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) (emphasis added).

Counts 1 and 2 of Plaintiffs' complaint are dismissed without prejudice as they relate to Braun.  Plaintiffs are granted leave to file an amended complaint alleging facts to meet Rule 8's pleading requirements with respect to those counts.  Any amended complaint shall be filed within 30 days from the date this Order is issued, and failure to timely file an amended complaint curing the noted deficiencies will lead to dismissal with prejudice.

---

[39] R. Doc. 18 at 3.

## IV.  CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Braun's Rule 12(b)(6) motion to dismiss (R. Doc. 9) is GRANTED.

IT IS FURTHER ORDERED that counts 1 and 2 of Plaintiffs' complaint are DISMISSED WITHOUT PREJUDICE as to Braun.  Plaintiffs are granted leave to file an amended complaint alleging facts to meet Rule 8's pleading requirements with respect to those counts.  Any amended complaint shall be filed within 30 days from the date this Order is issued, and failure to timely file an amended complaint curing the noted deficiencies will lead to dismissal with prejudice.

New Orleans, Louisiana, this 2nd day of July, 2026.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE