UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| REGINA LAJAUNIE, *et al.* | CIVIL ACTION |
| VERSUS | NO. 26-894 |
| AMERICAN HONDA MOTOR CO., INC., *et al.* | SECTION M (3) |

**ORDER & REASONS**

Before the Court is a motion to sever and transfer filed by defendant Superior Van & Mobility, LLC ("Superior").[1] Plaintiffs Regina Lajaunie ("Regina") and Michael Lajaunie ("Michael") (together, "Plaintiffs") respond in opposition,[2] and Superior replies in further support of its motion.[3] Having considered the parties' memoranda, the record, and the applicable law, the Court denies the motion.

## I. BACKGROUND

This case concerns a defective handicapped-accessible vehicle. Plaintiffs purchased a 2024 Honda Odyssey (the "vehicle") from Superior for $144,742.47.[4] Plaintiffs signed multiple documents at purchase.[5] Among them was a page titled "additional terms and conditions," which included the following forum-selection clause:

> Purchaser hereby submits to the jurisdiction of the Kentucky State or Federal court in any action arising out of or retaining [*sic*] to this agreement and all claims shall be heard and determined in Jefferson County, Kentucky. The parties agree that this Agreement shall be construed and interpreted according to the laws of the Commonwealth of Kentucky.[6]

---

[1] R. Doc. 25.
[2] R. Doc. 32.
[3] R. Doc. 35.
[4] R. Doc. 27 at 3.
[5] R. Doc. 25-1 at 2.
[6] R. Doc. 25-2 at 9.

Only Regina, and not Michael, was a signatory to the clause.[7]

The vehicle consisted of three components: (1) the original van chassis and systems manufactured by defendant American Honda Motor Company, Inc. ("Honda"); (2) a wheelchair-accessible conversion, including an in-floor ramp system and sliding door modifications manufactured by defendant The Braun Corporation ("Braun"); and (3) adaptive driving and electronic control systems, including steering, braking, and control interfaces manufactured by defendant Electronic Mobility Controls, LLC ("EMC").[8] Plaintiffs allege that Superior, which sold the vehicle to them, was responsible for delivering a completed wheelchair-accessible and adaptive vehicle that integrated Braun's and EMC's parts and systems into the Honda vehicle to make it suitable for Plaintiffs' intended use of accommodating Regina's mobility impairment.[9] According to Plaintiffs, when they took delivery of the vehicle, Superior had not completed installation and configuration of the adaptive systems in a manner that permitted safe and functional operation.[10] They allege that various parts did not function as anticipated and that they presented the vehicle to Superior numerous times for repair to no avail.[11]

On April 27, 2026, Plaintiffs filed this suit against Superior, Honda, Braun, and EMC, asserting various causes of action.[12] Against all defendants, Plaintiffs alleged violations of the Louisiana law of redhibition (count 1) and the federal Magnuson-Moss Warranty Act ("MMWA") (count 2).[13] Against Superior alone, Plaintiffs alleged additional claims, including negligence (count 3), negligent repair (count 4), and breach of contract (count 5). Plaintiffs eventually filed a

---

[7] *Id.*
[8] R. Doc. 27 at 1-2.
[9] *Id.* at 4-5.
[10] *Id.* at 3-10.
[11] *Id.*
[12] R. Doc. 1.
[13] *Id.* at 7-11.

first amended complaint that separates their claims against each defendant into different counts.[14] The first amended complaint alleges: redhibition claims against Honda (count 1), Braun (count 2), Superior (count 3), and EMC (count 4); MMWA claims against Honda (count 5), Braun (count 6), EMC (count 7), and Superior (count 8); and breach-of-express-warranty claims against Honda (count 9), Braun (count 10), EMC (count 11), and Superior (count 12).[15] And, finally, against only Superior, Plaintiffs allege claims of negligence (count 13), negligent repair (count 14), and breach of contract (count 15).[16]

## II. PENDING MOTION

Before Plaintiffs amended their complaint, Superior filed the instant motion to sever and transfer the claims against it to the United States District Court for the Western District of Kentucky.[17] Superior argues that, because the forum-selection clause is both mandatory and enforceable and Plaintiffs' claims against it, in its view, are separable from those raised against the other defendants, the applicable law dictates severance and transfer.[18] Although Superior acknowledges that all of Plaintiffs' claims against all defendants concern the same vehicle, it contends that Plaintiffs' claims against it – particularly those for negligence, negligent repair, and breach of contract – are distinct from Plaintiffs' claims against the manufacturer defendants (Honda, Braun, and EMC) and the distinct claims will involve different evidence.[19] Superior argues that these claims against it will concern repair records and contracts, as well as witnesses involved in the sale, installation, and repair of the vehicle, whereas Plaintiffs' claims against the manufacturer defendants will concern "the design and development of their respective components

[14] R. Doc. 27.
[15] *Id.* at 13-32.
[16] *Id.* at 32-34.
[17] R. Doc. 25.
[18] R. Doc. 25-1 at 4-7.
[19] *Id.* at 5.

as well as their respective warranties."[20] Further, Superior contends that the manufacturer defendants have no more connection to Louisiana than they do to Kentucky.[21] Finally, Superior asserts that judicial economy is not served by denying severance and transfer because Plaintiffs assert claims against Superior that they do not bring against the other defendants, meaning that there will not be duplicative proceedings litigating the same issues in two separate forums.[22]

In opposition, Plaintiffs point out that Superior's motion is directed at the original complaint, not the operative first amended complaint.[23] Plaintiffs assert that the first amended complaint alleges interconnected claims arising from a single defective adaptive vehicle sold to them by Superior for which Superior also acted as the installer of equipment manufactured by Braun and EMC, service provider, repair channel, and warranty channel for the Honda, Braun, and EMC equipment.[24] Plaintiffs allege recurring problems with various components provided by the manufacturers and installed by Superior that Superior documented and attempted to repair and about which Superior also communicated with the manufacturers.[25] Because of these complicated, interconnected issues, Plaintiffs allege that the vehicle's failures could have resulted from defects in the components parts, Superior's installation and repair work, or some combination thereof.[26] According to Plaintiffs, "[t]he precise allocation of responsibility is within Defendants' knowledge and requires discovery of the same repair records, diagnostic logs, technical communications, warranty records, and communications among Defendants."[27] Plaintiffs further argue that judicial economy is not served by severance because it would require duplication of inspections,

[20] *Id.*
[21] *Id.* at 6.
[22] *Id.* at 6-7.
[23] R. Doc. 32 at 3, 8.
[24] *Id.* at 1, 5.
[25] *Id.* at 2-3.
[26] *Id.* at 3.
[27] *Id.*

depositions, document production, expert analysis, and damages presentations.[28] Plaintiffs maintain that severance is particularly inconvenient considering that Louisiana law applies.[29] As such, say Plaintiffs, regardless of the different theories of liability, "[s]everance would therefore require courts in Louisiana and Kentucky to decide the same causation, defect, notice, repair, warranty, damages, and allocation questions on substantially the same evidence."[30]

Superior replies, arguing that the first amended complaint, in its view, reinforces that severance and transfer is warranted because Plaintiffs' claims against it arise out of the purchase contract that includes the forum-selection clause and those claims are distinct from the claims Plaintiffs bring against the manufacturer defendants.[31] Superior also says that judicial economy concerns do not outweigh the contractual expectations of the parties because the claims against it and the manufacturers are separate, with the claims against Superior concerning "whether Superior fulfilled its obligations as seller, installer, integrator, and repair provider," and those against the manufacturer defendants concerning "the design, manufacture, and performance of their respective components."[32] Superior further asserts that the risk of inconsistent verdicts cannot defeat transfer.[33] Lastly, Superior contends that Honda, Braun, and EMC did not raise any prejudice to them that would result from severance.[34]

---

[28] *Id.* at 6.

[29] *Id.* at 7. Plaintiffs emphasize that Michael is not a signatory to the forum-selection clause. *Id.* In response, Superior argues that he should be deemed to have adopted the forum-selection clause because he co-owned the vehicle with Regina and expected to benefit from it. R. Doc. 35 at 5-6. The Court need not address this issue because it finds that severance and transfer is unwarranted.

[30] R. Doc. 32 at 2, 5.

[31] R. Doc. 35 at 2.

[32] *Id.* at 3.

[33] *Id.* at 4-5.

[34] *Id.* at 5.

## III. LAW & ANALYSIS

"[F]ederal law governs the enforceability of forum-selection clauses in this circuit." *Barnett v. DynCorp Int'l, L.L.C.*, 831 F.3d 296, 301 (5th Cir. 2016). A motion to transfer under 28 U.S.C. § 1404(a) is the proper mechanism to enforce a valid forum-selection clause providing for venue in a different federal district. *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 59 (2013). Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Thus, a case, as a whole, cannot be transferred "if at the time suit was originally brought the transferee district would have lacked jurisdiction over the defendant or if venue there would have been improper." *Liaw Su Teng v. Skaarup Shipping Corp.*, 743 F.2d 1140, 1148 (5th Cir. 1984), *overruled on other grounds by In re Air Crash Disaster Near New Orleans, La.*, 821 F.2d 1147 (5th Cir. 1987). "If, however, suit might have been brought against one or more defendants in the court to which transfer is sought, the claims against those defendants may be severed and transferred while the claims against the remaining defendant, for whom transfer would not be proper, are retained in the original court." *Id.*

"For cases where all parties signed a forum selection contract, the analysis is easy: except in a truly exceptional case, the contract controls." *In re Rolls Royce Corp.*, 775 F.3d 671, 679 (5th Cir. 2014); *see also Atl. Marine*, 571 U.S. at 59-60 (recognizing that under § 1404(a), "a forum-selection clause [is] 'given controlling weight in all but the most exceptional cases.'" (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988))). However, the analysis is more complicated when the lawsuit includes parties who have not signed the forum-selection clause, as in this case. In *Rolls Royce*, "[t]he Fifth Circuit explained that there are essentially three options:

(1) transfer the entire case; (2) sever and transfer only the parties bound by the forum-selection clause; or (3) maintain the entire lawsuit in this district notwithstanding the forum-selection clause." *Royal Smit Transformers BV v. HC Bea-Luna M/V*, 2017 WL 819243, at *3 (E.D. La. Mar. 2, 2017) (discussing *Rolls Royce*, 775 F.3d at 679).

Under *Rolls Royce*, the severance-and-transfer inquiry in situations where some but not all parties have entered into the forum-selection clause proceeds as follows:

> First, pursuant to *Atlantic Marine,* the private factors of the parties who have signed a forum agreement must, as matter of law, cut in favor of severance and transfer to the contracted for forum. Second, the district court must consider the private factors of the parties who have *not* signed a forum selection agreement as it would under a Rule 21 severance and section 1404 transfer analysis. Finally, it must ask whether this preliminary weighing is outweighed by the judicial economy considerations of having all claims determined in a single lawsuit. In so determining, the district court should consider whether there are procedural mechanisms that can reduce the costs of severance, such as common pre-trial procedures, video depositions, stipulations, etc.

*Rolls Royce*, 775 F.3d at 681 (emphasis in original); *see also Def. Distributed v. Bruck*, 30 F.4th 414 (5th Cir. 2022) (applying the *Rolls Royce* inquiry to hold that severance and transfer was not supported by the relevant factors, especially where severance would split intertwined claims that the plaintiff had chosen to bring together against multiple defendants). The Fifth Circuit further explained that "[t]his is necessarily a fact-sensitive analysis, and while we agree that *Atlantic Marine* informs the analysis, we cannot conclude that it categorically requires severance-and-transfer in all situations." *Id.*

### A. Private Interest Factors of Nonsignatory Defendants

#### 1. Rule 21 private interest factors

Rule 21 of the Federal Rules of Civil Procedure permits a court to exercise its discretion to sever any claim against any party. To determine whether a claim should be severed, a court may consider: (1) whether the claims involved arose out of the same transaction or occurrence; (2)

whether the claims present common questions of law or fact; (3) whether settlement or judicial economy would be promoted; (4) whether prejudice would be averted by severance; and (5) whether different witnesses and documentary proof are required for separate claims. *See Rolls Royce*, 775 F.3d at 680 n.6 (noting that courts have considered these factors when analyzing severance).

Here, the Rule 21 factors weigh against severance. All of Plaintiffs' claims arise out of the same transaction or occurrence, present common issues of law and fact, and involve the same witnesses and documentary proof. Plaintiffs' claims arise out one transaction – namely, their purchase of an adaptive vehicle which they say has failed to perform as expected. They allege that Superior sold them the vehicle and also acted as the installer, repairer, and warranty channel for the component parts manufactured by Honda, Braun, and EMC. Superior is alleged to have been responsible for integrating Braun's and EMC's component parts into the Honda van. The facts regarding why the integrated vehicle allegedly failed to perform as expected are intertwined, not separable. Moreover, Plaintiffs allege redhibition and MMWA claims against all defendants, including Superior. It is immaterial that there are additional warranty claims against the manufacturer defendants and breach-of-contract and negligence claims alleged against Superior, because ascertaining why the vehicle did not work properly, as alleged, will involve the same witnesses and documents, regardless of the theories of lability. In addition, settlement and judicial economy would be promoted by having the claims against all defendants tried in the same forum. Finally, the prejudice prong is neutral. Thus, on balance, the Rule 21 factors disfavor severance.

**2. Section 1404(a) private interest factors**

The private interest factors that are considered in the § 1404(a) analysis are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the

attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008). Plaintiffs, as the parties seeking to avoid the forum-selection clause, bear the burden of establishing that transfer is unwarranted. *Atl. Marine*, 571 U.S. at 63.

Like the Rule 21 factors, the § 1404(a) private interest factors disfavor severance and transfer. The vehicle was sold, modified, repaired, and used in Louisiana. The bulk of the documents and witnesses are thus in this forum, making compulsory process available to secure the attendance of unwilling witnesses and lower the cost for willing witnesses. Further, keeping all of the parties in one forum would make the trial easier, more expeditious, and less expensive.

**B. Judicial Economy § 1404(a) Public Interest Factors**

The public interest factors that are considered in the § 1404(a) analysis are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *In re Volkswagen*, 545 F.3d at 315.

The § 1404(a) public interest factors also disfavor transfer. The Court is unaware of its congestion relative to that of the proposed transferee court; however, having one case in federal court, instead of two, would certainly militate against severance and transfer. Next, this is a Louisiana-centered controversy. Plaintiffs are Louisiana citizens. They purchased the vehicle from Superior in Louisiana, and it was serviced and repaired within the forum. Plaintiffs brought several claims arising under Louisiana law and, obviously, a Louisiana federal court would be

more familiar with that law than would one sitting in Kentucky. Finally, the Court is unaware at this time of any problems of conflict of laws or in the application of foreign law.

* * *

In sum, although the private interest factors of Superior (as a signatory to the forum-selection clause) must, as a matter of law, be held to cut in favor of severance and transfer to the contracted-for forum, the Court finds that the private interest factors of the manufacturer defendants (*i.e.*, the nonsignatories to the forum-selection clause) and the public interest factors as a whole weigh against it. Thus, on balance, the Court holds that Superior's motion to sever and transfer should be denied.

## IV. CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Superior's motion to sever and transfer (R. Doc. 25) is DENIED.

New Orleans, Louisiana, this 3rd day of September, 2026.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE